**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GEORGE GATES,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3898** |
| **MARLIN N. GUSMAN, ET AL.,** **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court are Defendant's motion for summary judgment and Plaintiff's motion for summary judgment.[1] Prior to ruling on the parties' motions for summary judgment, the Court considers whether to exercise jurisdiction in light of Gates' raising the same claim against the same party in a case pending before a Louisiana state court.

## BACKGROUND

Plaintiff George Gates ("Gates") borrowed $25,000 from W.A.M.C. Investment Corporation and executed a promissory note on November 16, 2011.[2] Leonhard Casey ("Casey"), president of W.A.M.C. Investment Corporation,[3] is the holder and owner in due course of the note.[4] Gates agreed to pay 179 equal monthly installments of $300.04 beginning January 1, 2012, at an annual interest rate of 12 percent.[5] The loan was secured by residential property he owned, located at 9427 Streolitz Street in New Orleans, Louisiana ("the Property").[6]

On August 29, 2014, Casey's attorney Irl Silverstein ("Silverstein") filed a petition

---

[1] R. Doc. 37 (Defendant's motion for summary judgment); R. Doc. 40 (Plaintiff's motion for summary judgment).
[2] R. Doc. 37-4 at 2, 6–7.
[3] *See id.* at 8.
[4] *Id.* at 2.
[5] *Id.*
[6] *Id.*

for executory process on Casey's behalf in the Civil District Court for the Parish of Orleans, State of Louisiana, pursuant to Louisiana Code of Civil Procedure art. 2631, *et seq.*[7] In Casey's petition, Casey alleged that Gates failed to pay the installment due May 1, 2013, and continuing installments thereafter, "thereby maturing the unpaid principal balance of $24,539.61, together with interest thereon at the rate of 12% per annum until paid, together with accrued[] but unpaid late charges in the sum of $240.00, together with 25% attorney's fees."[8]

An Orleans Parish judge issued a writ of seizure directing the sheriff of Orleans Parish to seize and sell the Property.[9] The Property was sold to Yergalem H. Beraki ("Beraki") at a sheriff's sale on April 2, 2015.[10] Beraki obtained a writ of possession for the Property on September 4, 2015.[11]

On April 29, 2015, Gates filed a suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Gusman, Casey, Silverstein,[12] Beraki, and Bradley Egenberg, an attorney who had represented Gusman.[13] In the state-court case, Gates seeks to nullify the sheriff's sale, arguing that he did not receive notice of the sheriff's sale, and thus he was deprived of his property without due process under *Mennonite Board of Missions v. Adams*[14] and *Mullane v. Central Hanover Bank & Trust Co.*,[15] in violation of the U.S. Constitution.[16] Gates also asserts state-law causes of action for fraud and ill

---

[7] *See id.*
[8] *Id.* at 3.
[9] *Id.* at 5.
[10] *Id.* at 19; R. Doc. 37-8 at 2.
[11] R. Doc. 37-4 at 35.
[12] The state court dismissed Gates' claims against Silverstein with prejudice on May 29, 2015. *See* R. Doc. 37-9 at 73.
[13] *See* R. Doc. 37-9. The case number is 2015-4072.
[14] 462 U.S. 791 (1983).
[15] 339 U.S. 306 (1950).
[16] R. Doc. 37-9 at 4.

practices, detrimental reliance, unfair trade practices, and unjust enrichment.[17] Gates seeks nullification of the sheriff's sale and an injunction against his eviction from the Property.

Gates also filed this suit in federal court against Sheriff Marlin N. Gusman ("Gusman") on August 28, 2015.[18] Gates named Beraki as a defendant in an amended complaint on September 2, 2015,[19] and named Casey as a defendant in a second amended complaint on September 28, 2015.[20] Gates alleges that Gusman did not give him notice of the sheriff's sale and deprived him of his property without due process under *Mennonite* and *Mullane*, in violation of the U.S. Constitution.[21] Gates seeks nullification of the sheriff's sale and an injunction against his eviction from the Property.[22]

On September 23, 2015, Gates filed a motion for a temporary restraining order and for a preliminary injunction.[23] The Court granted the temporary restraining order at a status conference on September 25, 2015, subject to Gates' posting a bond by September 28, 2015.[24] Gates failed to post bond.[25] The Court therefore denied Gates' motion for a temporary restraining order.[26]

---

[17] *Id.* at 5–9.
[18] R. Doc. 1.
[19] R. Doc. 2. Beraki's name is misspelled as "Baraki" in the amended complaint.
[20] R. Doc. 16. Gates never effected service on Casey or Beraki of the federal complaint, and on January 19, 2016, the Court ordered Gates to show good cause in writing as to why Casey and Beraki had not been served. R. Doc. 46. Gates failed to respond to the show-cause order, and on February 23, 2016, the Court dismissed Gates' claims against Beraki and Casey without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. R. Doc. 47.
[21] *See* R. Doc. 16.
[22] *Id.*
[23] R. Doc. 11.
[24] *See* R. Doc. 14.
[25] *See* R. Doc. 20.
[26] *Id.* Gates filed another motion for a temporary restraining order on September 28, 2015, R. Doc. 17, which was the same as the motion filed on September 23, 2015, except that Gates also requested service on Leonhard Casey, who was added as a defendant in the amended complaint. R. Doc. 16. The Court denied Gates' second motion for a temporary restraining order on September 29, 2015. R. Doc. 20.

The Court also set a hearing on Gates' motion for a preliminary injunction contingent upon Gates' complying with the deadlines set forth in Record Document 14.[27] Gates failed to comply with the Court's deadlines. Accordingly, the Court denied without hearing Gates' motion for a preliminary injunction without prejudice on October 2, 2015.[28]

On October 28, 2015, Gusman filed a motion for summary judgment, arguing Gates' due process rights were not violated and that Gates has no right to nullify the sale, enjoin his eviction from the Property, or recover damages.[29] Gates also filed a motion for summary judgment on November 6, 2015.[30] Gusman filed an opposition to Gates' motion on November 24, 2015.[31]

## LAW AND ANALYSIS

Prior to ruling on the parties' motions for summary judgment, the Court considers whether to exercise jurisdiction in light of Gates' raising the same claim against the same party in his case pending before the Civil District Court for the Parish of Orleans, State of Louisiana.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."[32] In "extraordinary and narrow circumstances," however, a district court may abstain from exercising jurisdiction over a case, or postpone exercising jurisdiction, under *Colorado River Water Conservation District v. United States* "when

[27] R. Doc. 30.
[28] *Id.*
[29] R. Doc. 37.
[30] R. Doc. 40. Gates first filed his motion for summary judgment on October 26, 2015, but due to deficiencies, the Court ordered him to refile his motion to comply with Rule 56 of the Federal Rules of Civil Procedure. *See* R. Doc. 35; R. Doc. 36.
[31] R. Doc. 41.
[32] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

there is a concurrent state proceeding, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[33] Courts abstain under *Colorado River* to avoid duplicative litigation when parallel proceedings are pending in federal and state court.[34] The Supreme Court identified six factors courts should consider when determining whether "exceptional circumstances" exist that would permit a district court to decline exercising jurisdiction over a parallel federal action:

(1) assumption by either court of jurisdiction over a *res*;

(2) relative inconvenience of the forums;

(3) avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained by the concurrent forums;

(5) to what extent federal law provides the rules of decisions on the merits; and

(6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[35]

"These factors are not applied mechanically, but must be carefully balanced 'with the balance heavily weighted in favor of the exercise of jurisdiction.'"[36]

Before applying these factors, the Court must determine whether the federal and state actions are parallel.[37] Suits are "parallel" if they involve the same parties and the

---

[33] *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737–38 (5th Cir. 1999) (citing *Colo. River*, 424 U.S. at 813) (internal quotation marks omitted). *See also Zerangue v. Maintenance Dredging*, No. 11-191, 2001 WL 1740298, at *1 (W.D. La. May 2, 2011) (Hill, M.J.).

[34] *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 F. App'x 267, 270 (5th Cir. 2009) (citing *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002), *overruled on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009)).

[35] *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (quoting *Colo. River*, 424 U.S. at 813).

[36] *Id.* at 492.

[37] *LAC*, 320 F. App'x at 270 (quoting *Stewart*, 438 F.3d at 492).

same issues,[38] though it "may be that there need not be applied in every instance a mincing insistence on precise identity" of parties and issues.[39] "Of central concern is whether there is 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'"[40] The Court finds this case and the case before the state court are parallel. Gates is the plaintiff in both cases.[41] Gusman, the only remaining defendant in the federal action, is named as a defendant in the state action. Gates' state court suit raises the claim Gates made before this federal Court: whether his due process rights were violated for lack of notice of the sheriff's sale. Although Gates also raises other issues and names other defendants in the state-court lawsuit, "a federal case is considered parallel when there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."[42] There is no question in this case that resolution of the state-court case will dispose of the claim presently before this Court. The Court finds the federal action and the state action are parallel.

As a result, the Court must engage in the multi-factored analysis to determine whether there are exceptional circumstances warranting abstention or a stay of this case.[43]

*1. Assumption by Either Court of Jurisdiction over a* Res

Neither the state court nor this Court has assumed control over a property or

---

[38] *Id.* (citing *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)).
[39] *McIntosh*, 828 F.2d at 1121; *see also Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006).
[40] *Kenner Acquisitions, LLC v. BellSouth Telecomm., Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (Vance, J.) (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)).
[41] *See id.* at *2 (concluding that the state and federal actions were parallel and finding relevant that "Kenner Acquisitions is the plaintiff in both cases").
[42] *Hanover Ins. Co. v. Plaquemines Par. Gov't*, No. 12-1680, 2013 WL 1681892, at *5 (E.D. La. Apr. 17, 2013) (Milazzo, J.) (citing *Kenner Acquisitions*, 2007 WL 625833, at *2).
[43] *See Zerangue*, 2011 WL 1740298, at *2.

vessel. The absence of this factor weighs against abstention.[44]

*2. The Relative Inconvenience of the Forums*

The federal-court action and the state-court action are both in New Orleans, Louisiana. This factor, therefore, weighs against abstention.[45]

*3. The Avoidance of Piecemeal Litigation*

"The real concern at the hearth of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings . . . ."[46] Although the case pending before this Court involves one plaintiff, one defendant, and one issue, the case pending before the state court involves the same plaintiff, several defendants including Gusman, and several issues including the one pending before this Court. Were both cases to progress, this Court and the state court would decide the same issue and the danger of contradictory rulings exists.[47] Further, the state court is the only forum hearing Gates' claims for fraud and ill practices, detrimental reliance, unfair trade practices, and unjust enrichment against Gusman, Casey, Beraki, and Egenberg. The third factor strongly favors abstention to avoid piecemeal litigation.[48]

*4. The Order in which Jurisdiction Was Obtained*

Gates filed his state-court action on April 29, 2015, and filed his federal-court action on August 28, 2015. The state court was the first to obtain jurisdiction. "The fourth factor is not to be 'measured exclusively by which complaint was filed first, but, rather, in

---

[44] *See Murphy*, 168 F.3d at 738 ("The absence of this factor is not . . . a neutral item, of no weight in the scales. Rather, the absence of this first factor weighs against abstention." (citations omitted) (internal quotation marks omitted)).

[45] *See id.; Kenner Acquisitions*, 2007 WL 625833, at *4.

[46] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000) (emphasis in original).

[47] *See Kenner Acquisitions*, 2007 WL 625833, at *4.

[48] *See Stewart*, 438 F.3d at 492.

terms of how much progress has been made in the two actions.'"[49] The state court has decided an exception of no cause of action under Louisiana law on the merits.[50] In the federal case, on the other hand, there have been no substantive rulings on the merits. The state litigation was filed first and has progressed further than the federal litigation.[51] This factor weighs in favor of abstention.

*5. The Extent Federal Law Governs the Case*

In his federal case, Gates argues his due process rights were violated. Gates' state-court action raises a due process claim under the U.S. Constitution as well as several state-law claims. The Louisiana state court, as a court of general jurisdiction, is capable of adequately resolving Gates' state and federal law claims.[52] This factor is neutral.

*6. Adequacy of State Court Proceedings*

The state litigation will protect the interest of both parties to this suit. Gates is the plaintiff in both cases, and Gates' interest in both cases is the same: to nullify the sheriff's sale and enjoin his eviction from the Property. The Court finds that "the state court proceedings [are] adequate to protect the . . . plaintiff's rights."[53] If any issues remain after the state court resolves the case before it, then this Court may lift the stay to resolve what remains properly before it.[54] Accordingly, this factor is neutral.[55]

After balancing the *Colorado River* factors and weighing the competing interests, the Court finds that this case should be stayed, particularly because "these parallel cases

---

[49] *Zerangue*, 2011 WL 1740298, at *3 (quoting *Black Sea*, 204 F.3d at 651).
[50] *See* R. Doc. 37-9 at 73.
[51] *See* R. Doc. 37-9.
[52] *See JPMorgan Chase Bank, N.A. v. Kelly*, No. 10-1601, 2010 WL 3720720, at *3 (E.D. La. Sept. 10, 2010) (Barbier, J.).
[53] *See LAC*, 320 F. App'x at 271.
[54] *See Kenner Acquisitions*, 2007 WL 625833, at *4.
[55] *See Black Sea*, 204 F.3d at 651 ("It is clear . . . that this factor can only be a neutral factor or one that weighs against, not for, abstention." (internal quotation marks omitted)).

create a danger of piecemeal litigation,"[56] a central concern of *Colorado River*.[57] The state court will eventually reach the *Mennonite* claim that Gates raises before this Court. Resolution of the *Mennonite* issue by the federal district court will not decide or significantly reduce the litigation before the state trial court, which would still be required to try Gates' numerous state claims against all of the defendants named therein.[58]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that this matter is **STAYED**. The matter shall be **ADMINISTRATIVELY CLOSED** without prejudice to its being reopened after resolution of the state court action if all issues have not been resolved or otherwise in the interest of justice.

**New Orleans, Louisiana, this 27th day of July, 2016.**

_____________________________
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[56] *LAC*, 320 F. App'x at 271.
[57] *Stewart*, 438 F.3d at 492.
[58] *See id.* (finding the federal district court did not abuse its discretion "by declining to hear the single issue in this case" when the same claim and several others were pending before the state court).